UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONALD McEUENS,

    Plaintiff,

v.                                                   Case No. 23-CV-215

ANDY LEIS, et al.,

    Defendants.

---

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND SCREENING COMPLAINT

---

On February 15, 2023, Donald McEuens filed a *pro se* complaint against Andy Leis, Robert Diggins, Anthony Adams, and Laura Hass. (Docket # 1.) He later filed an amended complaint on February 23, 2023, adding Andre Griffin and Heidi Beaudoin as defendants. (Docket # 4.) McEuens also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*), (Docket # 2.) Because I find that McEuens is indigent, his motion for leave to proceed without prepayment of the filing fee will be granted. However, because his amended complaint fails to properly allege this Court's subject matter jurisdiction and fails to state a claim upon which relief can be granted, McEuens will be given leave to amend his complaint to correct these deficiencies.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time preventing indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must

first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in their favor. *Id*. At 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

According to McEuens' motion, he is unemployed, receives $934.00 per month in retirement and SSI payments, and has $786.00 per month in expenses. (Docket #2 at 1–4.) He has modest savings and no other assets. I therefore conclude that he is unable to pay the filing fee and will grant his motion for leave to proceed without prepaying the filing fee.

I next turn to the question of whether his complaint is frivolous, malicious, or fails to state a claim. Because McEuens is representing himself, I will construe his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In his complaint, McEuens alleges that Leis is McEuens' former landlord and the alleged owner of 740 North 29th Street in Milwaukee, Wisconsin. (Docket # 1 at 2.) Diggins is the current director of Project Heat, located at 2904 West Wells Street in Milwaukee, Wisconsin. (*Id.*) Project Heat appears to be either an

emergency shelter or transitional housing for individuals recovering from addiction. https://dcf.wisconsin.gov (last visited Apr. 7, 2023). Adams and Hass are staff members at Project Heat. (Docket # 1 at 2.) And it appears that Griffin and Beaudoin are either current or former clients at Project Heat. (Docket # 4 at 3.)

McEuens alleges that Leis informed him on January 14 that if McEuens wanted to move from his current apartment to a new apartment, it would cost him $1,000 for a security deposit and $700/month in rent. (Docket # 4 at 2.) McEuens alleges that this new apartment had significant fire damage and that Leis was aware of this fact. (*Id.*) McEuens alleges that he informed Leis that he was moving out of his current apartment, and Leis attempted to charge him $1,700 for an apartment that was infested with mice and had numerous code violations. (*Id.*) McEuens further alleges that Leis claims that McEuens owes rent for September and October 2022 when he is in fact paid up until January 2023. (*Id.* at 4.) McEuens alleges that Leis has "a notorious history" of preying on the mentally disabled and those suffering from addiction. (*Id.* at 2.)

McEuens alleges that Diggins was made aware of black mold throughout the building at 2904 West Wells Street, particularly apartment # 205, and McEuens was ordered by his primary doctor to move immediately due to the mold and his underlying COPD. (*Id.* at 4.) McEuens alleges that both Leis and Diggins attempted to paint over the black mold to cover it up. (*Id.*) McEuens alleges that Adams "made racial slurs" to him and "racially profiled" him. (*Id.*) McEuens alleges that Hass broke client confidentialities while working at Project Heat and had inappropriate relationships with clients. (*Id.* at 3.)

McEuens alleges that Griffin was paying a former roommate to cover-up his drug dealing and other illegal activities and appears to allege that Diggins and/or others at Project

3

Heat were aware of Griffin's alleged crimes. (*Id.*) Finally, McEuens alleges that he had contacted an alderman who lived near the building regarding the problems at Project Heat and Our Safe Place and that the alderman was trying to shut these programs down. (*Id.*) McEuan alleges that Beaudoin, seemingly acting in concert with Griffin, "snitched," causing the alderman's house to be shot up. (*Id.*)

As an initial matter, federal courts are required to police their jurisdiction. *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006). Subject matter jurisdiction cannot be waived and may be challenged by a party or raised *sua sponte* by the court at any point in the proceedings. *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). In other words, this Court cannot hear this action if it lacks subject matter jurisdiction, established through diversity citizenship of the parties under 28 U.S.C. § 1332 or pursuant to a federal question under 28 U.S.C. § 1331. McEuens has the burden of proving that subject matter jurisdiction exists. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

For "federal question" jurisdiction, federal district courts have original jurisdiction over complaints that present a federal question, meaning "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Diversity" jurisdiction requires complete diversity of citizenship among the parties and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a)(1). "Complete diversity," means that "no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021).

As to Leis and Diggins, the lack of jurisdiction is clear. McEuens alleges a dispute with Leis over unpaid rent. Disputes between tenants and landlords, as well as other contract disputes, are matters of state law. *Thorp Fam. Est. & Tr. v. Spataro*, No. 20-C-984, 2020 WL

4

Case 2:23-cv-00215-NJ    Filed 04/10/23    Page 4 of 6    Document 5

3618452, at *1 (E.D. Wis. July 2, 2020) ("A state law breach of contract claim over real property is not by itself a federal question."). McEuens also appears to allege that Leis and/or Diggins covered up black mold in his apartment. But again, whether he alleges a false misrepresentation, a violation of landlord-tenant laws, or some other fraud, it also falls under state law. McEuens also alleges that both Leis and Diggins are citizens of Wisconsin (Docket # 1 at 2), as is McEuens (*id.* at 1); thus, no diversity jurisdiction exists.

As to Adams, jurisdiction is less clear. McEuens alleges that Adams, a Project Heat employee, made racial slurs against him and "racially profiled" him. However, to the extent McEuens seeks to assert a race discrimination claim, it is unclear whether he is a member of a protected class, or under which statute he brings the claim. Because Adams is also a citizen of Wisconsin (*id.* at 2), McEuens will be unable to establish diversity jurisdiction as to Adams and must establish federal question jurisdiction.

As to the remaining defendants, Hass, Griffin, and Beaudoin, in addition to failing to establish subject matter jurisdiction, McEuens' allegations as to these individuals do not assert conduct harming him. For Hass, McEuens alleges she broke client confidentiality. But it is unclear whether *McEuens* is the client to which he refers. And for Griffin and Beaudoin, although he asserts they were doing various nefarious things, he does not assert they were acting towards him.

Thus, for all of these reasons, McEuens' complaint as currently pled neither properly asserts subject matter jurisdiction nor states a claim for relief. I will, however, allow McEuens another opportunity to amend his complaint to properly establish jurisdiction and properly state claims for relief. McEuens shall have **ten (10) days** from the date of this Order to file a second amended complaint. The amended complaint must bear the docket number assigned

to this case and must be labeled "Second Amended Complaint." McEuens is advised that the amended complaint replaces the prior complaints and the amended complaint must be complete in itself without reference to the prior complaints. Accordingly, matters not set forth in the amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998).

Failure to timely file an amended complaint is accordance with this Order will result in a recommendation that this action be dismissed with prejudice.

**NOW, THEREFORE, IT IS ORDERED** that McEuens' motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that McEuens has **ten (10) days** from the date of this Order to file an amended complaint consistent with this decision. Should McEuens fail to timely file an amended complaint consistent with this decision, I will recommend this action be dismissed with prejudice.

Dated at Milwaukee, Wisconsin this 10th day of April, 2023.

BY THE COURT:

*[signature: Nancy Joseph]*

NANCY JOSEPH
United States Magistrate Judge