UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD MCEUENS,

    Plaintiff,

v.

                              Case No. 23-cv-215-pp

ANDY LEIS, ROBERT DIGGINS,
ANTHONY ADAMS, LAURA HASS,
ANDRE GRIFFIN and HEIDI BEAUDOIN,

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 6) AND DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

On February 15, 2023, the plaintiff—representing himself—file a complaint against Andy Leis, Robert Diggins, Anthony Adams, Laura Hass, Andre Griffin and Heidi Beaudoin. Dkt. No. 1. The plaintiff also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. Eight days later, the plaintiff filed an unsigned amended complaint adding and clarifying allegations. Dkt. No. 4.

On April 10, 2023, Magistrate Judge Nancy Joseph issued an order screening the plaintiff's amended complaint. Dkt. No. 5. Judge Joseph concluded that the plaintiff did not have the money to pay the filing fee and granted his motion to proceed without prepaying it. Id. at 1–2. Judge Joseph then turned to whether the allegations in the complaint were frivolous,

1

malicious or failed to state a claim on which relief can be granted. Id. at 2 (citing 28 U.S.C. §1915(e)(2)(B)(i)–(iii)). Noting that she was required to construe the complaint liberally because the plaintiff was representing himself, Erickson v. Pardus, 551 U.S. 89, 94 (2007), Judge Joseph summarized the initial complaint's and the amended complaint's allegations as follows:

> In his complaint, McEuens alleges that Leis is McEuens' former landlord and the alleged owner of 740 North 29th Street in Milwaukee, Wisconsin. (Docket # 1 at 2.) Diggins is the current director of Project Heat, located at 2904 West Wells Street in Milwaukee, Wisconsin. (*Id.*) Project Heat appears to be either an emergency shelter or transitional housing for individuals recovering from addiction. https://dcf.wisconsin.gov (last visited Apr. 7, 2023). Adams and Hass are staff members at Project Heat. (Docket # 1 at 2.) And it appears that Griffin and Beaudoin are either current or former clients at Project Heat. (Docket # 4 at 3.)
>     McEuens alleges that Leis informed him on January 14 that if McEuens wanted to move from his current apartment to a new apartment, it would cost him $1,000 for a security deposit and $700/month in rent. (Docket # 4 at 2.) McEuens alleges that this new apartment had significant fire damage and that Leis was aware of this fact. (*Id.*) McEuens alleges that he informed Leis that he was moving out of his current apartment, and Leis attempted to charge him $1,700 for an apartment that was infested with mice and had numerous code violations. (*Id.*) McEuens further alleges that Leis claims that McEuens owes rent for September and October 2022 when he is in fact paid up until January 2023. (*Id.* at 4.) McEuens alleges that Leis has "a notorious history" of preying on the mentally disabled and those suffering from addiction. (*Id.* at 2.)
>     McEuens alleges that Diggins was made aware of black mold throughout the building at 2904 West Wells Street, particularly apartment # 205, and McEuens was ordered by his primary doctor to move immediately due to the mold and his underlying COPD. (*Id.* at 4.) McEuens alleges that both Leis and Diggins attempted to paint over the black mold to cover it up. (*Id.*) McEuens alleges that Adams "made racial slurs" to him and "racially profiled" him. (*Id.*) McEuens alleges that Hass broke client confidentialities while working at Project Heat and had inappropriate relationships with clients. (*Id.* at 3.)
>     McEuens alleges that Griffin was paying a former roommate to cover-up his drug dealing and other illegal activities and appears

> to allege that Diggins and/or others at Project Heat were aware of Griffin's alleged crimes. (*Id.*) Finally, McEuens alleges that he had contacted an alderman who lived near the building regarding the problems at Project Heat and Our Safe Place and that the alderman was trying to shut these programs down. (*Id.*) McEuan [sic] alleges that Beaudoin, seemingly acting in concert with Griffin, "snitched," causing the alderman's house to be shot up. (*Id.*)

Id. at 2–4 (citing Dkt. Nos. 1, 4).

Judge Joseph first addressed the question of subject matter jurisdiction, explaining that the court had the authority to rule on this issue on its own at any point and that a federal court had the jurisdiction to hear only cases involving violations of federal laws or the federal Constitution, 28 U.S.C. §1331, or cases between citizens of different states, 28 U.S.C. §1332. Dkt. No. 5 at 4. Judge Joseph noted that the plaintiff has the burden of proving that subject matter jurisdiction exists. Id. (citing Lee v. City of Chi., 330 F.3d 456, 468 (7th Cir. 2003)).

For defendants Leis and Diggins, Judge Joseph found that "the lack of jurisdiction is clear." Dkt. No. 5 at 4. Judge Joseph explained that the plaintiff alleges a dispute with Leis over unpaid rent and claims that Leis and/or Diggins covered up black mold in the plaintiff's apartment, but that disputes between tenants and landlords, as well as claims of false misrepresentation or other fraud, are matters of state law. Id. at 4–5 (citing Thorp Fam. Est. & Tr. v. Spataro, No. 20-C-984, 2020 WL 3618452, at *1 (E.D. Wis. July 2, 2020)). Judge Joseph concluded, therefore, that as to Leis and Diggins, the court did not have "federal question" jurisdiction. Id. Judge Joseph explained that the court also did not have "diversity jurisdiction" because the complaint alleged

3

that defendants Leis and Diggins both are citizens of Wisconsin, as is the plaintiff. Id. at 5 (citing Dkt. No. 1 at 1, 2). As for defendant Adams, Judge Joseph found that the plaintiff could not demonstrate that the court had diversity jurisdiction because Adams also is a citizen of Wisconsin. Id. (citing Dkt. No. 1 at 2). Judge Joseph noted, however, that it was not clear whether the court had federal question jurisdiction. Id. The plaintiff alleged that Adams, a Project Heat employee, made racial slurs against him and "racially profiled" him, but to the extent the plaintiff asserts a race discrimination claim, Judge Joseph observed that it is unclear whether the plaintiff is a member of a protected class or under which statute he brings the claim. Id. Turning to the remaining defendants, Judge Joseph found that, "in addition to failing to establish subject matter jurisdiction," the plaintiff's allegations as to Hass, Griffin and Beaudoin did not describe any conduct that injured the plaintiff: "For Hass, [the plaintiff] alleges she broke client confidentiality. But it is unclear whether *[the plaintiff]* is the client to which he refers. And for Griffin and Beaudoin, although he asserts they were doing various nefarious things, he does not assert they were acting towards him." Dkt. No. 5 at 5 (emphasis in original).

Judge Joseph concluded that for these reasons, the plaintiff's complaint "as currently pled" did not properly establish subject matter jurisdiction or state a claim for relief. Id. Judge Joseph gave the plaintiff an opportunity to amend his complaint "to properly establish jurisdiction and properly state claims for relief," setting a deadline ten days from the date of her order for the

4

plaintiff to file a second amended complaint. Id. Judge Joseph's screening order issued on April 10, 2023, so the plaintiff's deadline for amending the complaint was April 20, 2023. Judge Joseph advised the plaintiff that the amended complaint would replace his prior complaints, and warned the plaintiff that failure to file an amended complaint by the deadline and in accordance with her order would result in Judge Joseph recommending "that this action be dismissed with prejudice." Id. at 6. A docket annotation indicates that this screening order was mailed to the plaintiff. See Dkt. No. 5.

On April 27, 2023, Judge Joseph issued a report recommending that the court dismiss the case. Dkt. No. 6. Judge Joseph observed that despite her explicit warnings to the plaintiff, the plaintiff had not filed a second amended complaint. Id. at 1. Because the plaintiff already had filed one amended complaint and had not responded to the April 10 screening order, Judge Joseph recommended that this court dismiss the case. Id. at 1–2. Judge Joseph advised the plaintiff that he must file any objection to her recommendation within fourteen days of service of the recommendation and warned the plaintiff that failure to file timely objections would result in a waiver of his right to appeal. Id. at 2 (citing 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2)). A docket annotation indicates that the report and recommendation was mailed to the plaintiff. See Dkt. No. 5.

The plaintiff's objections were due on May 11, 2023. The court did not receive either a response to Judge Joseph's April 10 screening order or an objection to Judge Joseph's recommendation by that date. A notation on the

5

docket indicates that on May 15, 2023, the plaintiff called the clerk's office to update his address and the clerk's office advised the plaintiff "to put it [in] writing." The notation states that the plaintiff's address was updated to "6200 S. 13th St, Room 204, Milwaukee, WI 53221"[1] and that the clerk's office re-sent copies of Judge Joseph's screening order and recommendation (Dkt. Nos. 5, 6) and a copy of the docket sheet to the plaintiff at this updated address. Although there is no indication that any of the documents mailed to the plaintiff's original address were returned as "undeliverable" or that the plaintiff did not otherwise receive them, the court waited an additional fourteen days after the clerk's office re-sent the documents to the plaintiff's updated address.

Another docket notation indicates that the plaintiff again called the clerk's office on June 9, 2023 to update his address; the clerk's office again advised the plaintiff "to put it [in] writing." The notation states that the plaintiff's address was updated to "3120 E Norwich Ave, Apt 103, St Francis WI 53235" and that the clerk's office re-sent a copy of Judge Joseph's report and recommendation to this address. In an abundance of caution, the court waited before taking any action.

It has been fifty-two days since the plaintiff called the clerk's office to update his address a second time, and since the clerk's office re-sent Judge Joseph's order a second time. The court has not received a written change-of-address notice, even though the clerk's office told the plaintiff twice that he

---

[1] The address on the plaintiff's original complaint and the return address on the envelope containing his amended complaint was 3633 North 101st Street, Wauwatosa, WI 53222. See Dkt. Nos. 1 at 1, 2 at 6.

6

needed to provide one. The court has not received an amended complaint or an objection to Judge Joseph's recommendation, despite the fact that it has been over three months since Judge Joseph issued the recommendation. The court has not received anything from the plaintiff since it received his unsigned amended complaint on February 23, 2023. Dkt. No. 4.

After Judge Joseph issued the April 27, 2023 order, the case was reassigned to this district court. A district court is required to conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). See also Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson, 170 F.3d at 739 (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Wees v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 925, 943 (7th Cir. 1997).

Because the plaintiff did not object, the court reviews Judge Joseph's order for clear error. Judge Joseph did not err—clearly or otherwise—in concluding that the complaint and the amended complaint did not properly allege that the court has subject matter jurisdiction or state a claim for which

7

relief can be granted. The court cannot determine that any of the claims in the complaint state causes of action under federal law sufficient to invoke jurisdiction under 28 U.S.C. §1331. The complaint also demonstrates that diversity jurisdiction does not exist under 28 U.S.C. §1332 as to defendants Leis, Diggins, Adams and Hass because the complaint alleges that the plaintiff and these defendants all reside in the state of Wisconsin. See Dkt. No. 1 at 1–2. The complaint did not provide enough information for the court to ascertain whether jurisdiction is proper under 28 U.S.C. §1332 as to defendants Griffin and Beaudoin because the plaintiff did not provide any information regarding where either of these defendants resides.

The complaint and amended complaint do not appear to state a claim upon which relief may be granted as to defendants Hass, Griffin and Beaudoin because the court cannot determine whether the allegations against these individuals assert conduct that injured the plaintiff or actions taken against the plaintiff. See Dkt. Nos. 1 at 4 (vaguely referring to staff and peer support specialist who "conspired with a fugitive from justice, violated client confidentiality and made lewd"); 4 at 3–4 (stating general allegations of breaking client confidentiality, conspiring and communicating with a fugitive, brandishing firearms, dealing drugs, committing "other unscrupulous acts in breaking the law," snitching, making racial slurs and making lewd sexual comments to female clients). The court has given the plaintiff ample opportunity to amend his complaint and address these issues; he has not done so.

The court **ADOPTS** Magistrate Judge Joseph's report and recommendation. Dkt. No. 6.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 31st day of July, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

9

Case 2:23-cv-00215-PP   Filed 07/31/23   Page 9 of 9   Document 7